# EXHIBIT N

DISH Network L.L.C.
9601 S. Meridian Boulevard
Englewood, CO 80155-6663
303.723.1000

Joseph Edell
Corporate Counsel, IP
Direct Dial 202.463.3719
joseph.edell@dish.com

June 15, 2026

VIA CERTIFIED MAIL

Kiersten Medvedich
President & CEO
kiersten.medvedich@gaia.com
Gaia, Inc.
833 W South Boulder Rd, Bldg G,
Louisville, CO 80027

Re: Patent License Required — U.S. Patent No. 8,868,772 *et al.*; Standstill and Tolling Offer

Dear Kiersten:

We write to follow up on our prior correspondence regarding licensing DISH's patent portfolio directed to adjustable bit-rate video streaming.

DISH Technologies L.L.C. ("DISH") owns a streaming and video patent portfolio of over 1,800 patents spanning the full breadth of modern video and streaming technology. The portfolio covers key areas of innovation including adaptive-bitrate streaming; content discovery, electronic program guides, and search functionality; video streaming and over-the-top delivery; audio processing and delivery; metadata and content identification; personalization and user profile management; targeted advertising and content delivery; and content security and digital rights management.

As you may recall from our prior correspondence, one of the exemplary innovations is DISH's portfolio of patents (the "ABR Patents") directed to adjustable bit-rate ("ABR") video streaming technology, including U.S. Patent Nos. 8,868,772, 11,991,234, 10,469,554, 11,677,798, and 11,470,138. Based on our analysis of Gaia, Inc.'s ("Gaia") streaming services, we believe Gaia's products and services practice claims in this portfolio and that a license is required. The purpose of this letter is to present Gaia with a licensing opportunity, and to offer a standstill and tolling arrangement so that the parties may pursue good-faith licensing discussions without the immediate necessity of litigation.

Specifically, DISH is prepared to enter into the enclosed Standstill and Tolling Agreement (the "Tolling Agreement"), under which (a) Gaia will agree to toll the accrual of damages for a defined period, including through the resolution of appeals for certain of the ABR Patents, (b) DISH will refrain from filing a patent infringement complaint against Gaia during that period, and (c) Gaia will refrain from filing a declaratory judgment action of infringement for the ABR Patents during that period. This offer is contingent on Gaia's execution of the Standstill and Tolling Agreement and is intended to provide both parties a reasonable window to evaluate the enclosed materials and minimize litigation, while preserving DISH's right to pursue all available remedies following resolution of certain appeals for related ABR Patents.

In addition, the proposed Standstill and Tolling Agreement would afford Gaia the right to file *inter partes* review ("IPR") petitions challenging the validity of any of the related ABR Patents within one (1) year of execution. DISH believes this provision further demonstrates its good faith and confidence in the strength of its patent portfolio.

To take advantage of the standstill protections described above and the IPR filing window, DISH respectfully requests that Gaia execute the enclosed Standstill and Tolling Agreement within thirty (30) days of the date of this letter. Because the Standstill and Tolling Agreement preserves the status quo while the parties explore resolution of this matter, without requiring Gaia to defend active litigation, DISH believes this agreement is to the benefit of both parties. However, should Gaia decline or fail to respond within that period, DISH reserves the right to initiate patent infringement litigation without further notice.

By way of background, the ABR Patents originated with Move Networks, Inc., which invented HTTP-based ABR streaming—a fundamentally new approach to delivering video content over the Internet. Prior streaming implementations were expensive, unreliable, and incompatible with one another. Move Networks' breakthrough solved these problems by segmenting video content into small individually-requestable units encoded at multiple bit rates, delivering over standard HTTP/TCP connections, and enabling a client device to continuously adapt playback quality to available bandwidth in real time. DISH and its parent company recognized the value of Move Networks' technology and acquired the company and its patent portfolio. Our Emmy Award-winning Sling TV service—the first live television streaming service launched by a major pay-TV provider—practices the ABR Patents as the core technology enabling broadcast-quality live television delivery over the public Internet. The significance of this innovation has been recognized through widespread industry adoption, sustained praise, and licensing by major media companies after competing solutions failed to deliver comparable performance. The International Trade Commission ("ITC") has taken note of these secondary considerations in upholding the validity of ABR Patents, further evidencing the foundational advance claimed in this patent portfolio.

This innovative ABR technology pre-dates modern streaming standards, such as HTTP Live Streaming ("HLS") and MPEG-DASH, by several years and is now claimed in the ABR Patent portfolio. When used to offer streaming in an adaptive bitrate fashion, these streaming

dish



standards implement technology claimed in DISH's patent portfolio. Our analysis indicates that Gaia's streaming technology utilizes DISH's ABR Patents. Enclosed is an exemplary claim chart detailing how Gaia's services practice claims in this portfolio.

The strength of DISH's patent portfolio has been repeatedly confirmed. In September 2022, the Chief Judge of the ITC found that products using HLS and/or MPEG-DASH to perform ABR streaming infringed DISH's ABR Patents. The Chief Judge and full Commission also rejected every invalidity and unenforceability challenge raised, including anticipation, obviousness, subject matter eligibility, indefiniteness, inventorship, and inequitable conduct. Since the ITC lawsuit, several companies have brought follow-on challenges to the validity of the patents in DISH's adaptive bit-rate streaming portfolio, including the patents mentioned above.

Dozens of claims in DISH's ABR patent portfolio have survived repeated validity challenges. Nonetheless, DISH is currently appealing certain decisions related to these validity challenges. For that reason, DISH believes it is prudent that Gaia enter into the enclosed Standstill and Tolling Agreement so that these challenges may be resolved prior to the parties resorting to litigation. Please review the enclosed materials including the proposed Tolling Agreement and contact me by July 15, 2026 to discuss next steps.

We look forward to hearing from you.

Sincerely,

Joseph Edell

Joseph Edell

Enclosures

TABLE OF ENCLOSURES

| Enclosure Number | Enclosure Description |
|---|---|
| 1 | U.S. Patent No. 8,868,772, "Apparatus, system, and method for adaptive-rate shifting of streaming content" |
| 2 | List of DISH's Patents & Applications Directed to Adjustable Bit-Rate Video Streaming Technology |
| 3 | Final Initial Determination, International Trade Commission, Investigation No. 337-TA-1265 |
| 4 | Notice of Commission's Final Determination, Investigation No. 337-TA-1265 |
| 5 | Limited Exclusion Order, Investigation No. 337-TA-1265 |
| 6 | Cease & Desist Order to Peloton, Investigation No. 337-TA-1265 |
| 7 | Cease & Desist Order to iFit, Investigation No. 337-TA-1265 |
| 8 | Cease & Desist Order to NordicTrack, Investigation No. 337-TA-1265 |
| 9 | Cease & Desist Order to FreeMotion, Investigation No. 337-TA-1265 |
| 10 | Exemplary Claim Chart Showing Gaia practicing Claim 1 of U.S. Patent No. 8,868,772 |
| 11 | U.S. Patent No. 11,991,234, "Apparatus, system, and method for multi-bitrate content streaming" |
| 12 | U.S. Patent No. 10,469,554, "Apparatus, system, and method for multi-bitrate content streaming" |
| 13 | U.S. Patent No. 11,677,798, "Apparatus, system, and method for multi-bitrate content streaming" |
| 14 | U.S. Patent No. 11,470,138, "Apparatus, system, and method for multi-bitrate content streaming" |

| | |
|---|---|
| 15 | Confidential Tolling, Standstill, and Venue Agreement |